UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIANT MERCHANDISING, a California partnership, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| vs. | ) ) ) |
| JOHN DOES 1-100, individuals, JANE DOES 1-100, individuals, and XYZ COMPANY, business entity form unknown, inclusive, | ) ) ) 04-11223 RWZ ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND VIOLATION OF THE LANHAM ACT**

Plaintiff Giant Merchandising, by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2. Giant Merchandising ("Plaintiff") is a California partnership with its principal place of business in Commerce, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Upon information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Massachusetts and is or will be subject to the jurisdiction of this Court.

6. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

7. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

8. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing artists and groups, including, but not limited to tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of various musical performers and groups.

9. The group known as **"NO DOUBT"** ( the "Artist"), is the tradename used by this musical group in connection with their performing, recording, merchandising and other related

goods in all aspects of the entertainment industry and to distinguish their services from all other such artists. The Artist has used their mark in connection with their recording and performing services for over 15 years. **"NO DOUBT"** is a federally registered trademark: Registration Number 2416708 for use in connection with clothing, namely, caps, shirts, pants, shorts and jackets, publications, namely, posters, calendars and photographs, ornamental novelty badges and pins, and cloth patches for clothing, and entertainment services in the nature of live performances by a musical group; and Registration No. 2124089 for use in connection with wearing apparel, namely, T-shirts, shirts, shorts, pants, sweat shirts, sweat pants, hats, visors, shoes, sandals, and belts.

10. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, trade names, likenesses and logos of the Artist (collectively, the "Artist's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Artist's concert performances on their present North American concert tour (the "Tour").

11. The Artist has used their trademarks to identify officially authorized goods and services and to distinguish themselves from those of others by, among other things, prominently displaying the Artist's Trademarks in advertising, on promotional material, on recording covers and on Tour Merchandise.

12. The Artist has achieved wide renown during their career in the music industry. The Artist's Trademarks have been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

13. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concert at major arenas and stadiums in

the United States, Canada, and throughout the world and have been seen and heard in concert by millions of popular music enthusiasts. The Artist has sold over twenty million recordings.

14.  The Artist's previous tours were attended by hundreds of thousands of people. Almost all of the performances for this Tour are sold out.

15.  As a result of the foregoing, each of the Artist's Trademarks have developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise bearing any or all of the Artist's Trademarks.

16.  Plaintiff and the Artist annually realize substantial income from the sale of the Tour Merchandise bearing the Artist's Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

17.  On June 8, 2004, the Artist will perform at Tweeter Center in Mansfield, Massachusetts (the "Concert").

18.  Pursuant to the Agreement, the Artist has granted to Plaintiff the exclusive right to market articles of clothing and other Tour Merchandise bearing any or all of the Artist's Trademarks at or near the site of the Concert and at all other arenas and stadiums in which the Tour will perform. The authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be distributed throughout the United States in connection with the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

19.  On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concert before, during and after their performance, and at subsequent concerts during the Tour.

20. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Artist or Plaintiff.

21. Upon information and belief, the Unauthorized Merchandise to be sold by Defendants is generally of inferior quality. The sale of such merchandise is likely to injure the reputation of the Artist which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and its Tour Merchandise.

22. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true. It also injures Artist and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

23. The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the names, trademarks and/or likenesses of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the Artist's Trademark also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

24. Upon information and belief, Defendants and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

25. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
(Violation of the Lanham Act)

26. Plaintiff realleges each allegation set forth in paragraphs 1-25 above, inclusive.

27. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' merchandise.

## SECOND CLAIM FOR RELIEF
(Infringement of Registered Trademark Nos. 2416708 and 2124089)

28. Plaintiff realleges each allegation set forth in paragraphs 1-25 above, inclusive.

29. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Giant Merchandising seeks relief against Defendants as follows:

A.  As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1. manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Artist or any colorable variation or imitation thereof; and 2 representing that any products, merchandise or

goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Artist is performing, whether this occurs before, during or after the concerts on the Tour.

3. That Defendants deliver up for destruction any and all Unauthorized Merchandise.

C. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

D. As to All Claims For Relief, that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: June 7, 2004

Respectfully Submitted

GIANT MERCHANDISING
By Its Attorneys

_____
M. Lawrence Oliverio, Esq., BBO #378755
Kudirka & Jobse, LLP
One State Street
Boston Massachusetts 02109
Telephone: (617) 367-4600
Facsimile: (617) 367-4656

Cara R. Burns, Esq. (Cal. Bar # 137557)
725 South Figueroa Street, Suite 2280
Los Angeles, California 90017
Telephone: (213) 607-2290