UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

2004 JUN -7 A 10:06

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GIANT MERCHANDISING<br>a California partnership,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-100, individuals,<br>JANE DOES 1-100, individuals,<br>and XYZ COMPANY, business<br>entity form unknown, inclusive,<br><br>Defendants. | CIVIL ACTION NO.<br><br>04 11223 RWZ |

**TEMPORARY RESTRAINING ORDER; ORDER OF SEIZURE; AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

Based upon the complaint, memorandum of points and authorities, declaration of Thomas Donnell and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does and XYZ Company (collectively "Defendants") their true identities being unknown, show cause before the Honorable _RYA ZOBEL_, United States District Court Judge, in Courtroom _12_ of the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston, Massachusetts at _2:00_ p. m. on _JUNE 17_, 2004 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered granting to Plaintiff, Giant Merchandising, a preliminary injunction and enjoining the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the federally

registered trademarks, servicemarks, likenesses, tradenames or tour logos of the group known as **"NO DOUBT"** (collectively, the "Tradenames").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Tradenames as set forth in Plaintiff's complaint and declarations, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Tradenames, interference with Plaintiff's ability to exploit, market and license their merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Tradenames, and impairment of the good will Plaintiff and their licensors have in the said Tradenames;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of ten (10) days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Tradenames;

**AND IT IS FURTHER ORDERED** that the United States Marshal, for this District or any district in which Plaintiff enforce this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Tradenames which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the

Infringing Merchandise is found from ten (10) hours before to six (6) hours after any performance of the group's tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to the concert to be held on June 8, 2004 at the Tweeter Center in Mansfield, Massachusetts;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 1500 no later than JUNE 8 2004, receipt of which is hereby acknowledged to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is bound to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seek their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodians for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendants;

3

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before JUNE 14, 2004. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before JUNE 16, 2004. Plaintiff shall to provide copies of all other pleadings filed herein at the request of any identified Defendant;

**AND IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: June 7, 2004

At: 3:40 p. m.

_____
UNITED STATES DISTRICT JUDGE

Respectfully Submitted,
GIANT MERCHANDISING

_____
M. Lawrence Oliverio, Esq., BBO #378755
Kudirka & Jobse, LLP
One State Street
Boston, Massachusetts 02109
Telephone: (617) 367-4600
Facsimile: (617) 367-4656

Cara R. Burns, Esq. (Cal. Bar # 137557)
725 South Figueroa Street, Suite 2280
Los Angeles, California 90017
Telephone: (617) 607-2290
Facsimile: (213) 538-1375

Counsel for Plaintiff