UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GIANT MERCHANDISING,<br>a California partnership, | )<br>)<br>) |
| Plaintiff, | )<br>)   CIVIL ACTION NO. CV 04-11223<br>) |
| vs. | )<br>) |
| JOHN DOES 1-100, individuals,<br>JANE DOES 1-100, individuals,<br>and XYZ COMPANY, business<br>entity form unknown, inclusive, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DECLARATION OF THOMAS DONNELL**

I, THOMAS DONNELL, hereby declare as follows:

1. I make this declaration in support of Giant Merchandising's ("Plaintiff") request that a preliminary injunction and order of seizure should issue in the above referenced matter.

2. I have personal knowledge of the facts set forth herein and am authorized by Plaintiff to make this declaration. If called as a witness, I could and would be able to testify competently to such facts.

3. I make this declaration to inform the Court about the service of the Order to show Cause On Application For Temporary Restraining Order; Order of Seizure; and Order to Show Cause Re Preliminary Injunction (the "Order") previously issued by this Court and to support Plaintiff's request for a nationwide preliminary injunction to be issued. The Order was issued to allow the seizure of unauthorized Tour Merchandise, as known as "Bootleg Merchandise" or

"Unauthorized Merchandise," that contains the federally registered name, likenesses and tour logos of the popular recording group **"NO DOUBT"** (the "Artist").

4.  I am responsible for, among other duties, coordinating the seizure of Bootleg Merchandise pursuant to the Order. Defendants, also known as Bootleggers, have plagued the past tours of the Artist. Plaintiff has obtained for these and for other artists orders similar to the order that Plaintiff requests the Court to issue, to allow Plaintiff to seize Bootleg Merchandise for the duration of the tour.

5.  As expected, the defendant Bootleggers appeared with the Bootleg Merchandise at the Artist's performance. We seized over One Hundred and Twenty (120) bootleg T-shirts and other Bootleg Merchandise since this Court has issued the Order. True and correct copies of some of the proofs of service and receipts for goods seized are attached hereto as Exhibit "A." Plaintiff's attorneys received samples of the Bootleg Merchandise we seized and original authorized merchandise for use in connection with these proceedings.

6.  Almost all of the Defendants refused to identify themselves when served with the Order and the other documents, even though off-duty police officers seized the merchandise. It appears that the Bootleggers have become more sophisticated and do not carry any identification. In addition many of the Defendants refused to accept a copy of the Order and the receipt. Often the Bootleggers, when approached by the officer, would ask if the officer had an injunction or order. When the officer responded in the affirmative and served the Order on the Bootleggers, they would hand over or drop the Bootleg Merchandise (and the Order just served on them) and then walk or run away before the officer could give to them a receipt.

7. As has been my experience with past tours of other artists, it is expected that these Bootleggers will travel to each of the upcoming performances of the Artist. I have already seen some of the defendants served at one performance appear at another performance on the tour selling Bootleg Merchandise. Most of the bootleg T-shirts seized were identical or nearly identical to each other. Some of the T-shirts are "professional quality" and appear to have been produced in quantity and originated from a common source. All of the individuals from whom the Bootleg Merchandise was seized circulated in the crowd as the audiences were entering the arenas. Because they sold their goods before the show, they preempted Plaintiff's opportunity to sell authorized merchandise within the venue itself. Also some Bootleggers have brought the Bootleg Merchandise into the venue.

8. As stated in my previous declaration, in all of the matters I have handled since joining Plaintiff many years ago, I am not aware of any Bootlegger appearing in any action filed by Plaintiff, though thousands of people have been served and thousands of pieces of Bootleg Merchandise have been seized.

9. As previously discussed, the Artist is extremely popular and her record sales have been tremendous. The performances on the tour have been similarly well received. Therefore, due to the popularity of the tour, additional dates are in the process of being added. Should the Court so require, we will inform the Court periodically of these additional dates as they are added.

10. Based upon the foregoing, Plaintiff is requesting that the Court extend the effect of the Order and grant a preliminary injunction binding upon all persons served with process, and on any other persons acting in concert with them, from selling Bootleg Merchandise on the tour, and allowing Plaintiff to seize such unauthorized merchandise.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___th day of June, 2004 at Los Angeles, California.

_____
THOMAS DONNELL